R. ISAAK HURST, ESQ.
INTERNATIONAL MARITIME GROUP, PLLC
800 FIFTH AVENUE; SUITE 4100 | SEATTLE, WA 98104
(OFFICE) 206.992.0710 | (FAX) 206.707.8338
HURST@MARITIME.LAW

*ATTORNEY FOR PLAINTIFF – MARITECH MARINE SERVICES*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| Maritech Marine Services, LLC, | IN ADMIRALTY |
| Plaintiff, | Case No.: |
| v. | |
| Bay Welding Services, Inc., | COMPLAINT FOR: |
| Defendant. | 1. BREACH OF CONTRACT |
| | 2. BREACH OF GOOD FAITH AND FAIR DEALING |
| | 3. NEGLIGENCE |
| | 4. BREACH OF EXPRESS WARRANTY |
| | 5. BREACH OF IMPLIED WARRANTY |
| | 6. STRICT PRODUCTS LIABILITY |
| | 7. BREACH OF WARRANTY OF WORKMANLIKE SERVICE |
| | 8. UNFAIR TRADE PRACTICES |

Maritech Marine Services, LLC, ("Plaintiff" or "Maritech") alleges the following claims for relief against Bay Welding Services, Inc. ("Bay Weld").

## INTRODUCTION, JURISDICTION, VENUE & PARTIES

1. This is a dispute centered on the defective repair and modification of a vessel which resulted in an allision with a fuel dock in Cordova, Alaska. The negligence actions against Defendants arise under the general maritime law. Plaintiff waives the right to a trial by jury and

COMPLAINT FOR DAMAGES
Maritech Marine Services v. Bay Welding, Inc.
Case No.:
Page **1** of **15**

INTERNATIONAL MARITIME GROUP | PLLC
800 Fifth Avenue, Suite 4100 | Seattle, WA 98104
(Office) 206.992.0710 | (Fax) 206.707.8338

Case 3:20-cv-00231-SLG   Document 1   Filed 09/21/20   Page 1 of 15

elects to try this action on the admiralty side of this Honorable Court.

2. Plaintiff is and was at all times mentioned herein an Alaska State Limited Liability Company, entity #10069839, with its principle place of business in Anchorage Alaska. Plaintiff is in the business of chartering vessels.

3. Defendant Bay Welding Services, LLC is a corporation incorporated under the laws of the State of Alaska, Entity #76462D, having its principal place of business in Homer, Alaska. Bay Weld is in the business of custom fabrication and repair of vessels.

4. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. §1333(1). This dispute is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h).

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) and (2) because the claims asserted occurred within this District, and both Plaintiff and defendant Bay Weld are headquartered within this District.

## SUMMARY OF FACTS

6. Maritech approached defendant Bay Weld in the Fall of 2018 regarding a re-fit/remodel of the M/V LIGHTNING ("LIGHTNING" or "Vessel"). Maritech informed Bay Weld that it was marketing the Vessel to provide marine services in Southeast Alaska in the summer of 2019. Maritech also informed Bay Weld that it needed to ensure the remodel was complete by the end of March 2019 in order to test out the newly installed systems and ensure sufficient time to travel during a suitable "weather window" and arrive in Juneau by June of 2019.

7. Bay Weld informed Maritech that it was too busy to take on the re-fit/remodel at the time.

8. Maritech approached other marine builders and received estimates from both

COMPLAINT FOR DAMAGES
Maritech Marine Services v. Bay Welding, Inc.
Case No.: Page **2** of **15**

INTERNATIONAL MARITIME GROUP | PLLC
800 Fifth Avenue, Suite 4100 | Seattle, WA 98104
(Office) 206.992.0710 | (Fax) 206.707.8338

Case 3:20-cv-00231-SLG   Document 1   Filed 09/21/20   Page 2 of 15

businesses in the approximate amount of $250,000. Maritech is informed and believes that a mutual acquaintance communicated to an employee of Bay Weld that the remodel of the Vessel would be handled by a competitor of Bay Weld. Shortly thereafter, Maritech received a call from Bay Weld indicating that it would, in fact, be able to take on the remodel of the Vessel and meet the schedule, completing the work by end of March 2019.

9. Maritech received a Cost/Work Proposal Estimate from Bay Weld dated November 11, 2018, a true and correct copy of which is attached hereto as **Exhibit 1**. Bay Weld's estimate was significantly higher than those Maritech received for the same work from Bay Weld's competitors. The November 11, 2018 estimate was approximately $75,000 to $100,000 higher than the others; nonetheless, Maritech opted to have Bay Weld perform the work based on its expectation that it would treat the project with the same level of commitment and service as other Bay Weld projects. Maritech signed the Cost/Work Proposal Estimate on December 3, 2018 ("Agreement"), and Bay Weld commenced work shortly thereafter on December 5th. On January 21, 2019 Maritech and Bay Weld held a meeting to clarify the scope of work and discuss items that would pose additional costs to Maritech. A true and correct copy of notes from the meeting are attached as **Exhibit 2**.

10. The project was plagued with multiple delays and a number of line items listed in the scope of work in the Agreement were either not performed (unbeknownst to Maritech at the time) or were completed in a substandard manner. In addition, the Vessel was not delivered until June 5, 2019, over two months after the agreed upon deadline.

11. Nonetheless, Maritech fully performed under the terms of the Agreement by promptly paying all required deposits and invoices received from Bay Weld related to the Agreement.

COMPLAINT FOR DAMAGES
Maritech Marine Services v. Bay Welding, Inc.
Case No.:   Page **3** of **15**

INTERNATIONAL MARITIME GROUP | PLLC
800 Fifth Avenue, Suite 4100 | Seattle, WA 98104
(Office) 206.992.0710 | (Fax) 206.707.8338

Case 3:20-cv-00231-SLG   Document 1   Filed 09/21/20   Page 3 of 15

12. In June of 2019, during the commissioning of the Vessel there was a near catastrophic failure of the control system. The control system malfunction occurred while agents for Bay Weld and Glendinning Marine Products, Inc. ("Glendinning") were on board the Vessel. Glendinning and Bay Weld later determined that this failure was due to a software malfunction in the Glendinning Joystick controls. The control system failure resulted in damage to the Vessel and further delay in delivery of the Vessel. After delivery of the Vessel Maritech was forced to rush it across the Gulf of Alaska to meet other contractual obligations. Maritech was therefore unable to independently test all the systems and inspect the work performed by Bay Weld and raised this concern at the time. Bay Weld assured Maritech that all systems were functioning properly, and that the Vessel was ready for business.

13. Shortly thereafter, the vessel control system malfunctioned again. Maritech informed Bay Weld of the issue on July 12, 2019 and requested advice on how to resolve the malfunction. Bay Weld did not provide a solution to the malfunctioning control system.

14. The Vessel operated as an excursion vessel and yacht chase-boat in Southeast Alaska during the summer of 2019. During the season, several mechanical and control system issues arose, including intermittent failure of the propulsion and steering control systems. The mechanical and control system issues continued and in September of 2019 Maritech requested the assistance of Bay Weld to resolve these issues. Bay Weld, however, insisted that Maritech address the control system issues with Glendinning directly.

15. On June 26, 2020, while attempting to moor for fuel in Cordova, Alaska the control system installed by Bay Weld failed again, causing the Vessel to allide with the fuel dock. During the docking attempt, the Vessel would not respond in the astern command on both jet units, and the buckets remained in the neutral/forward position. This caused an allision with the dock piles

COMPLAINT FOR DAMAGES
Maritech Marine Services v. Bay Welding, Inc.
Case No.:  Page **4** of 15

INTERNATIONAL MARITIME GROUP | PLLC
800 Fifth Avenue, Suite 4100 | Seattle, WA 98104
(Office) 206.992.0710 | (Fax) 206.707.8338

Case 3:20-cv-00231-SLG   Document 1   Filed 09/21/20   Page 4 of 15

at sufficient speed to cause damage to the Vessel and the fuel dock.

16. The United States Coast Guard was informed of the allision. The control systems were operationally tested, and the failure could not be repeated. The Vessel was shifted locally from the fuel dock to the boat harbor.

17. On June 27, 2020, the Vessel departed Cordova for Seward, Alaska. The crew tested the joystick and controls just outside of the Seward harbor to ensure they were functioning and used an assist vessel at the harbor. But while docking in Seward shortly thereafter, the Vessel suffered the same control failure. Fortunately, no damage occurred during this incident.

18. Due to the danger posed by the malfunctioning control systems, Maritech was not able to put the Vessel into service. And without assistance from Bay Weld, Maritech was forced to hire contractors to rectify the issues with the control system and other issues with equipment and work furnished by Bay Weld under the Agreement and to perform sea trials.

19. Maritech also discovered that, contrary to the scope of work outlined in Item 5 of the Agreement that it would "Include[] complete controls and steering package for two stations and complete hydraulic system w/ dual pumps", the original hydraulic system for the steering had not been replaced. Bay Weld did not inform Maritech that the work for the line item had not been complete or obtain Maritech's authorization for a change in the scope of work on Item 5.

20. The Vessel suffered from many other problems from the time it was received in June of 2019. A non-exhaustive list of issues include: steering system would not operate when running only the port engine, malfunctioning heading line on Garmin chart plotter, display panel at stern helm indicated incorrect rudder angle, intermittent failures in the autopilot system, loss of autopilot system "dodge" capability, degradation of joystick response, failure of jet bearings on starboard side, and substandard electrical wiring for the Glendinning control system. To resolve

COMPLAINT FOR DAMAGES
Maritech Marine Services v. Bay Welding, Inc.
Case No.: Page 5 of 15

INTERNATIONAL MARITIME GROUP | PLLC
800 Fifth Avenue, Suite 4100 | Seattle, WA 98104
(Office) 206.992.0710 | (Fax) 206.707.8338

Case 3:20-cv-00231-SLG   Document 1   Filed 09/21/20   Page 5 of 15

these issues, Maritech was forced to perform a control software update, install a hydraulic crossover system, remove and reseal both jet unit bucket cylinders, install a new bucket cylinder on the starboard jet unit, and replace both jet unit bearings and mechanical seals. Bay Weld was also contractually obligated to perform an internal inspection of the jet system, which it failed to do.

21. On June 29, 2020, Maritech again submitted a request for a service technician to assist in reviewing the control issues with the Vessel. The request was made to Bay Weld and Glendinning to determine the cause of the failure, provide a detailed report and to repair the system. Bay Weld did not provide assistance as requested.

22. At all times relevant, the Vessel was operated pursuant to its intended use and in a manner reasonably anticipated by Defendants.

23. Maritech has sustained economic damages resulting from the contractual breaches and negligence and/or product defects of Defendants. Maritech's damages include:

    a. Costs to repair the damage to the Vessel as a result of the allision on June 26, 2020;

    b. Costs to repair and/or replace the defective products, components and workmanship of Defendants;

    c. Costs related to relocation of the inoperable Vessel;

    d. Costs to restore the Vessel's control system.

24. Maritech was also unable to fulfill an existing contractual obligation as a direct result of the contractual breaches, warranty breaches and negligence of Defendant. Maritech entered into a charter party agreement for the Vessel prior to the June 26, 2020 allision. Maritech was thereafter forced to cancel its charter services contract as a direct result of the allision and

COMPLAINT FOR DAMAGES
Maritech Marine Services v. Bay Welding, Inc.
Case No.:　　　　　　　　　　　　　　Page **6** of **15**

INTERNATIONAL MARITIME GROUP | PLLC
800 Fifth Avenue, Suite 4100 | Seattle, WA 98104
(Office) 206.992.0710 | (Fax) 206.707.8338

Case 3:20-cv-00231-SLG　Document 1　Filed 09/21/20　Page 6 of 15

persistent control system issues. Under the terms of the charter party, Maritech was entitled to compensation in the amount of $228,000, which was not recovered. The charter party also provided the opportunity for marketing and future business development. The loss of the charter party contract was a foreseeable consequence of the failure of the Vessel's control systems and Defendants' contractual breaches and negligence and/or product defects.

25. In addition, due to the control system issues, which remain unresolved, Maritech was prevented from placing the Vessel in service at any point in the 2020 season. Maritech has sustained damages in lost profits as a direct result of Defendants' contractual breaches and negligence and/or product defects. These damages amount to an estimated $450,000 and are a foreseeable consequence of Defendants' repeated failure to resolve the control system issues.

## RESPONDEAT SUPERIOR

26. Maritech hereby realleges and incorporates paragraphs 1-25 above.

27. Decisions regarding the design, manufacturing, fabrication and modification of the Vessel were done by officers, employees acting within the course and scope of their employment and/or agents of the Defendants.

28. Defendants are liable under the doctrine of respondeat superior for the decisions, work and actions of its officers, employees and agents regarding the design, manufacturing, fabrication and modification of the Vessel, as well as, without limit, those decisions, work and actions.

## FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT

29. Maritech hereby realleges and incorporates paragraphs 1-28 above.

30. Maritech and defendant Bay Weld entered into a valid and enforceable contract for the re-fit/modification of the Vessel on or about December 3, 2018. The terms of the contract and

COMPLAINT FOR DAMAGES
Maritech Marine Services v. Bay Welding, Inc.
Case No.: Page **7** of **15**

INTERNATIONAL MARITIME GROUP | PLLC
800 Fifth Avenue, Suite 4100 | Seattle, WA 98104
(Office) 206.992.0710 | (Fax) 206.707.8338

Case 3:20-cv-00231-SLG   Document 1   Filed 09/21/20   Page 7 of 15

scope of work are presented in the Agreement, attached hereto as **Exhibit 1**, and the January 21, 2019 meeting notes, attached hereto as **Exhibit 2**.

31. Maritech fully performed under the terms of the contract by promptly paying all deposits and invoices it received from Bay Weld.

32. The parties agreed prior to execution of the contract that the Vessel would be completed prior to the end of March 2019, as more fully alleged in paragraphs 6 & 8 above.

33. Bay Weld breached the terms of the contract by failing to deliver the completed Vessel before the end of March 2019.

34. Bay Weld had a contractual duty to perform the scope of work outlined in the Agreement in a workmanlike manner.

35. Bay Weld breached its duties under the contract as alleged in paragraphs 13-20 above.

36. As the proximate and legal result of Bay Weld's contractual breaches Maritech was damaged as set forth in paragraphs 23-25 above.

37. Maritech is entitled to recover money damages for the losses it sustained as a result of Bay Weld's contractual breaches.

## SECOND CLAIM FOR RELIEF:
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

38. Maritech hereby realleges and incorporates paragraphs 1-37 above.

39. The contract at issue was executed in Alaska, with the work performed in Alaska, and is therefore governed by Alaska law.

40. Maritech has fully performed its obligations under the contract with Bay Weld.

41. The Defendants have unfairly interfered with Maritech's rights to receive the

COMPLAINT FOR DAMAGES
Maritech Marine Services v. Bay Welding, Inc.
Case No.:
Page **8** of **15**

INTERNATIONAL MARITIME GROUP | PLLC
800 Fifth Avenue, Suite 4100 | Seattle, WA 98104
(Office) 206.992.0710 | (Fax) 206.707.8338

Case 3:20-cv-00231-SLG   Document 1   Filed 09/21/20   Page 8 of 15

benefits of the contract, which include a functioning vessel control system.

42. Maritech contacted Defendants on multiple occasions seeking assistance with the malfunctioning control systems of the Vessel. Maritech has also informed Defendants repeatedly of the damages it has sustained and is sustaining because of the malfunctioning control systems. Defendants have failed to resolve the ongoing issues with the Vessel control system. Defendants' failure to resolve these issues are objectively unreasonable or evidence ill will.

### THIRD CLAIM FOR RELIEF: NEGLIGENCE

43. Maritech hereby realleges and incorporates paragraphs 1-42 above.

44. Control systems are critical to the safe operation of any vessel. Failure of control systems to function in a sufficient manner can result in substantial property damage, injury or death. Defendants owed Maritech a duty of reasonable care in the testing and repairs of the Vessel control systems. This duty of reasonable care included a duty to conduct a reasonable investigation of any control system malfunctioning issues, and to exercise reasonable care in the resolution of those issues.

45. The Vessel control systems installed by Bay Weld malfunctioned during the commissioning of the Vessel in June of 2019. Both Bay Weld and Glendinning were present and aware of the malfunction.

46. Glendinning and Bay Weld determined that there was a software error created in the initial set up that caused the malfunction. Bay Weld informed Maritech that they had resolved the issue.

47. However, shortly thereafter, the vessel control system began to malfunction again. Maritech informed Bay Weld of the malfunction on July 12, 2019. Bay Weld did not provide a solution to the malfunctioning control system.

COMPLAINT FOR DAMAGES
Maritech Marine Services v. Bay Welding, Inc.
Case No.:
Page **9** of 15

INTERNATIONAL MARITIME GROUP | PLLC
800 Fifth Avenue, Suite 4100 | Seattle, WA 98104
(Office) 206.992.0710 | (Fax) 206.707.8338

Case 3:20-cv-00231-SLG   Document 1   Filed 09/21/20   Page 9 of 15

48. Bay Weld was aware of the dangers posed by a faulty vessel control system. Bay Weld had knowledge of the control system issues plaguing the Vessel after the installation of the Glendinning control system.

49. Bay Weld violated their duties of reasonable care to investigate and repair the control system after being informed of the second malfunction on July 12, 2019.

50. Bay Weld also failed to perform a sufficient diagnostic test on the Vessel control system following the initial malfunction during commissioning. Bay Weld breached its duty of reasonable care in the testing and repairs of the Vessel control systems during commissioning.

51. This duty of reasonable care included a duty to conduct a reasonable investigation of any control system malfunctioning issues, and to exercise reasonable care in the resolution of those issues. Defendant did not take sufficient measures to identify and resolve the cause of the control system malfunction.

52. As a result of Bay Weld's breaches of its duties, the control system failed again while attempting to dock to refuel in Cordova on June 26, 2020, resulting in the allision with the dock and damage to the Vessel. Also as a result of Bay Weld's breach of its duties, the Vessel remains in an unsafe condition and is not available for productive use by Maritech.

53. Maritech has been damaged by Defendants breach of their duties of reasonable care as alleged in paragraphs 23-25 above.

**FOURTH CLAIM FOR RELIEF: BREACH OF EXPRESS WARRANTY**

54. Maritech hereby realleges and incorporates paragraphs 1-53 above.

55. UCC §2-313 provides a claim for breach of an express warranty.

56. UCC §2-312 makes every "seller" of goods liable to the "buyer" for any consequential and incidental damages suffered by the buyer as a result of breach of express or

COMPLAINT FOR DAMAGES
Maritech Marine Services v. Bay Welding, Inc.
Case No.: Page **10** of **15**

INTERNATIONAL MARITIME GROUP | PLLC
800 Fifth Avenue, Suite 4100 | Seattle, WA 98104
(Office) 206.992.0710 | (Fax) 206.707.8338

Case 3:20-cv-00231-SLG    Document 1    Filed 09/21/20    Page 10 of 15

1. implied warranties.

57. Following the malfunction of the Vessel control systems during the commissioning of the Vessel in June of 2019, Bay Weld investigated the incident and inspected the control system. Bay Weld informed Maritech that the cause of the malfunction was a mistake in the software of the control systems. Bay Weld assured Maritech that they had resolved the issue, that all systems were functioning properly and that the Vessel was ready for use.

58. In informing Maritech that the issue with the control system had been resolved, that all systems were functioning properly and the Vessel was ready for use by Maritech, Bay Weld made an express warranty with regard to the condition of the Vessel control system.

59. Bay Weld's express warranty was breached when the Vessel's control system failed while attempting to dock to refuel in Cordova on June 26, 2020, resulting in the allision with the dock and damage to the Vessel.

### FIFTH CLAIM FOR RELIEF: BREACH OF IMPLIED WARRANTY

60. Maritech hereby realleges and incorporates paragraphs 1-59 above.

61. UCC §2-314 provides a cause of action for breach of an implied warranty of merchantability.

62. Bay Weld is a ship repair yard who regularly deals in the modification and sale of vessels and vessel control systems. The law therefore implies a warranty that the Vessel and its components installed by Bay Weld will be fit for the ordinary purpose for which such goods are used.

63. Bay Weld has not excluded or otherwise modified this warranty and it attaches to the sale of the installed components as a matter of law.

64. The vessel control system installed in the Vessel by Bay Weld is subject to defects

COMPLAINT FOR DAMAGES
Maritech Marine Services v. Bay Welding, Inc.
Case No.:  Page **11** of **15**

INTERNATIONAL MARITIME GROUP | PLLC
800 Fifth Avenue, Suite 4100 | Seattle, WA 98104
(Office) 206.992.0710 | (Fax) 206.707.8338

Case 3:20-cv-00231-SLG   Document 1   Filed 09/21/20   Page 11 of 15

which make it unsuitable for the ordinary purposes for which such goods are used as alleged in paragraphs 12-21 above.

**SIXTH CLAIM FOR RELIEF: STRICT PRODUCTS LIABILITY**

65. Maritech hereby realleges and incorporates paragraphs 1-64 above.

66. Section 402A of the Restatement (Second) of Torts provides that one who sells any product in a defective condition that is "unreasonably dangerous" to the user may be subject to liability for personal injury or property damage caused by the product even if the seller exercised all possible care and the consumer did not enter into a contractual relationship with the seller.

67. At all times, Bay Weld was engaged in the business of selling and installing vessel control systems, including the system installed in the Vessel.

68. Bay Weld sold its vessel control systems in a defective condition, as alleged above. The defect causes intermittent and unpredictable failures of essential control systems. The defect is therefore unreasonably dangerous.

69. The defective condition caused the Vessel's control system to fail while attempting to dock to refuel in Cordova on June 26, 2020, resulting in the allision with the dock and damage to the Vessel. The defective condition has not been resolved by Bay Weld and continues to prevent Maritech's productive use of the Vessel.

70. Bay Weld is therefore liable to Maritech under the doctrine of strict liability

**SEVENTH CLAIM FOR RELIEF:**

**BREACH OF IMPLIED WARRANTY OF WORKERLIKE PERFORMANCE**

71. Maritech hereby realleges and incorporates paragraphs 1-70 above.

72. Maritech and defendant Bay Weld entered into a valid and enforceable contract for the re-fit/modification of the Vessel on or about December 3, 2018.

COMPLAINT FOR DAMAGES
Maritech Marine Services v. Bay Welding, Inc.
Case No.:   Page **12** of **15**

INTERNATIONAL MARITIME GROUP | PLLC
800 Fifth Avenue, Suite 4100 | Seattle, WA 98104
(Office) 206.992.0710 | (Fax) 206.707.8338

Case 3:20-cv-00231-SLG   Document 1   Filed 09/21/20   Page 12 of 15

73. The implied warranty of workerlike performance requires a contractor to make ship repairs in a skilled and workerlike manner. The essence of the contractor's warranty of workerlike performance is to perform the work "properly and safely." Notably, the implied warranty of workerlike performance is a ground for liability where a contractor chooses equipment for a specific purpose that is defective or unsafe. Bay Weld had a duty to perform the scope of work outlined in the Agreement in a skilled workerlike manner.

74. Bay Weld breached its duties as alleged in paragraphs 13-20 above.

75. As the proximate and legal result of Bay Weld's contractual breaches Maritech was damaged as set forth in paragraphs 23-25 above.

## **EIGHTH CLAIM FOR RELIEF: UNFAIR TRADE PRACTICES**

76. Maritech hereby realleges and incorporates paragraphs 1-75 above.

77. Under AS 45.50.471(a), "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce are declared to be unlawful" ("UTPA").

78. The UTPA provides "a private right of action by any 'person who suffers an ascertainable loss of money ... as a result of another person's act or practice declared unlawful under [the Act].' "

79. A prima facie case of unfair or deceptive acts or practices is established if the plaintiff shows: (1) that the defendant is engaged in trade or commerce; and (2) that in the conduct of trade or commerce, an unfair act or practice has occurred."

80. The first element encompasses both consumer and business-to-business transactions.

81. The UTPA lists 57 nonexclusive instances of an unfair or deceptive act or practice, including "representing that goods or services are of a particular standard, quality, or grade, or that

COMPLAINT FOR DAMAGES
Maritech Marine Services v. Bay Welding, Inc.
Case No.:     Page **13** of **15**

INTERNATIONAL MARITIME GROUP | PLLC
800 Fifth Avenue, Suite 4100 | Seattle, WA 98104
(Office) 206.992.0710 | (Fax) 206.707.8338

Case 3:20-cv-00231-SLG   Document 1   Filed 09/21/20   Page 13 of 15

goods are of a particular style or model, if they are of another," "advertising goods or services with intent not to sell them as advertised," "engaging in any other conduct creating a likelihood of confusion or of misunderstanding and that misleads, deceives, or damages a buyer or a competitor in connection with the sale or advertisement of goods or services," "knowingly concealing, suppressing, or omitting a material fact with intent that others rely upon the concealment, suppression, or omission in connection with the sale or advertisement of goods or services whether or not a person has in fact been misled, deceived or damaged," and "knowingly making false or misleading statements concerning the need for parts, replacement, or repair service." AS 45.50.471(b)(6), (8), (11), (12) & (15).

82. Bay Weld was engaged in trade or commerce when it performed work on the Vessel under contract with Maritech.

83. On information and belief, the Glendinning control system installed in the Vessel has repeatedly failed in other instances outside of this case. On information and belief, Bay Weld was aware of the history of problems with the Glendinning control system. Nonetheless, Bay Weld recommended that the Glendinning control system be used on the Vessel without informing Maritech of the prolific issues with the system. This was an unfair act or practice under the UPTA.

84. Moreover, Bay Weld represented to Maritech that it had completed all the items in the Agreement. Bay Weld accepted full payment for the full performance of the terms of the Agreement. Nonetheless, Bay Weld failed to perform certain contractual work as alleged above in paragraph 19. On information and belief, Bay Weld was aware that it did not fully perform under the terms of the contract and led Maritech to believe that all work was performed in order to obtain full payment. This was an unfair act or practice under the UPTA.

COMPLAINT FOR DAMAGES
Maritech Marine Services v. Bay Welding, Inc.
Case No.:
Page **14** of **15**

INTERNATIONAL MARITIME GROUP | PLLC
800 Fifth Avenue, Suite 4100 | Seattle, WA 98104
(Office) 206.992.0710 | (Fax) 206.707.8338

Case 3:20-cv-00231-SLG   Document 1   Filed 09/21/20   Page 14 of 15

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Maritech respectfully requests the following relief:

1. For specific performance.

2. For declaratory relief.

3. For economic loss damages, according to proof.

4. For liquidated damages, according to proof.

5. For delay damages, according to proof.

6. For attorneys' fees and costs, according to proof.

7. For pre-judgment interest and post-judgment interest on amounts awarded.

8. For such further relief as this Honorable Court may deem just and proper.

DATED this 16th day of September 2020.

                                                INTERNATIONAL MARITIME GROUP, PLLC

                                                By:      /s/ R. Isaak Hurst
                                                R. ISAAK HURST, ABA NO. 1610087
                                                800 FIFTH AVENUE; SUITE 4100 | SEATTLE, WA 98104
                                                (OFFICE) 206.992.0710 | (FAX) 206.707.8338
                                                HURST@MARITIME.LAW

                                                *ATTORNEY FOR PLAINTIFF –*
                                                *MARITECH MARINE SERVICES LLC*

COMPLAINT FOR DAMAGES
Maritech Marine Services v. Bay Welding, Inc.
Case No.:                         Page **15** of **15**

INTERNATIONAL MARITIME GROUP | PLLC
800 Fifth Avenue, Suite 4100 | Seattle, WA 98104
(Office) 206.992.0710 | (Fax) 206.707.8338

Case 3:20-cv-00231-SLG  Document 1  Filed 09/21/20  Page 15 of 15