# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

MARITECH MARINE SERVICES, LLC,

              Plaintiff,

         v.

BAY WELDING SERVICES, INC.,

              Defendant.

Case No. 3:20-cv-00231-SLG

## ORDER RE MOTION TO STRIKE DECLARATIONS OF BRIAN EDMONDSON AND ENRICO FERRONI

Before the Court at Docket 32 is Defendant Bay Welding Services, Inc.'s ("Bay Weld") *Motion to Strike Declarations of Brian Edmondson and Enrico Ferroni*. Plaintiff Maritech Marine Services, LLC ("Maritech") responded in opposition at Docket 34, to which Plaintiff replied at Docket 38. Oral argument was not requested and was not necessary to the Court's decision.

## BACKGROUND

This action stems from the alleged defective repair and modification of a 44-foot aluminum catamaran, the M/V LIGHTNING, owned by Maritech, a vessel chartering company based in Anchorage, Alaska. Maritech alleges that Bay Weld, a custom boat manufacturer based in Homer, Alaska, negligently retrofitted the

vessel with a defective control system, among other issues, which resulted in the vessel's allision with a fuel dock in Cordova, Alaska.[1]

On September 17, 2021, Maritech filed declarations from Brian Edmondson and Enrico Ferroni in support of its motion for summary judgment.[2] Mr. Edmondson is the sole member of Maritech.[3] Mr. Ferroni is the managing member of Stillwater Marine Service, LLC and performed repair work on the vessel.[4]

Bay Weld moves to strike certain portions of the declarations by Mr. Edmondson and Mr. Ferroni, neither of whom are retained experts, asserting that certain portions of their testimony constitute inadmissible lay witness testimony under Federal Rule of Evidence 701.[5] Plaintiff responds that both declarations are admissible in their entirety under Rule 701; and if portions of the declarations are only admissible under Federal Rule of Evidence 702, Bay Weld has not been prejudiced by Maritech's failure to timely disclose Mr. Edmondson's and Mr. Ferroni's opinions pursuant to Federal Rule of Civil Procedure Rule 26.[6]

---

[1] *See generally* Docket 1 (Compl.).

[2] *See* Docket 17 (Mot. for Summary Judgment).

[3] Docket 17-1 at 1, ¶ (Edmondson Decl.).

[4] Docket 17-3 at 1, 3, ¶¶ 1, 8 (Ferroni Decl.).

[5] *See* Docket 32 (Mot.).

[6] *See* Docket 34 (Opp'n).

Case No. 3:20-cv-00231-SLG, *Maritech Marine Services, LLC v. Bay Welding Services, Inc.*
Order re Motion to Strike Declarations of Brian Edmondson and Enrico Ferroni
Page 2 of 11

Case 3:20-cv-00231-SLG   Document 48   Filed 01/14/22   Page 2 of 11

## LEGAL STANDARD

Under Federal Rule of Evidence 701, lay opinion testimony is only permissible where "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." "A lay witness's opinion testimony necessarily draws on the witness's own understanding, including a wealth of personal information, experience, and education . . . ."[7] "[T]he distinction between lay and expert witness testimony is that lay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'"[8] "For example, most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert."[9] The "guiding policy of [Rule 701] is to

---

[7] *United States v. Gadson*, 763 F.3d 1189, 1208 (9th Cir. 2014).

[8] Fed. R. Civ. P. 702 advisory committee's note to 2000 amendment (quoting *State v. Brown*, 836 S.W.2d 530, 549 (1992)).

[9] Fed. R. Civ. P. 702 advisory committee's note to 2000 amendment.

Case No. 3:20-cv-00231-SLG, *Maritech Marine Services, LLC v. Bay Welding Services, Inc.*
Order re Motion to Strike Declarations of Brian Edmondson and Enrico Ferroni
Page 3 of 11

Case 3:20-cv-00231-SLG   Document 48   Filed 01/14/22   Page 3 of 11

trust the jury to identify unreliable [lay] opinion testimony with the help of the adversary process."[10]

## DISCUSSION

### I.   Brian Edmondson's Declaration

Bay Weld contests the following opinions, which the Court addresses in turn:

- In paragraph 16 of his Declaration, Edmondson provides an opinion regarding the effect of an alleged failure of the starboard engine on the Lightning [near Elfin Cove on June 26, 2019] by stating, "[b]ecause the steering was only powered by the starboard engine, the boat was without direction and without the ability to utilize power."

The Court finds that this opinion is permissible under Rule 701. Mr. Edmondson's process of reasoning here is based on his everyday experience while onboard the M/V Lightning.

- In paragraph 25, Edmondson opines regarding the condition and "possible" age of the steering rod seals.

The Court finds this opinion would be permissible under Rule 701, but only if Mr. Edmondson personally inspected the rod seals, such that the condition of the steering rod was rationally based on his perception. But given this apparent lack

---

[10] *Gadson*, 763 F.3d at 1209.

Case No. 3:20-cv-00231-SLG, *Maritech Marine Services, LLC v. Bay Welding Services, Inc.*
Order re Motion to Strike Declarations of Brian Edmondson and Enrico Ferroni
Page 4 of 11

Case 3:20-cv-00231-SLG   Document 48   Filed 01/14/22   Page 4 of 11

of foundation, the Court will strike this statement for purposes of the pending summary judgment motion.

- In paragraph 26, Edmondson opines that "[t]he external cutlass bearing has nothing to do with the internal condition of the jet."

The Court finds that this a permissible lay opinion under Rule 701. Mr. Edmondson's opinion that the external cutlass bearing has nothing to do with the internal condition of the jet appears to be based on his personal knowledge derived from his experience in the maritime industry that results from a process of reasoning familiar in everyday life.

- In paragraph 34, Edmondson opines that the Lightning's existing flux-gate compass "would not work with the new [navigation] systems" and that a new compass was an "integral part missing for the electronics that caused the problems with the auto-pilot and the absence of the heading line."

The Court will strike this opinion based on the current record for purposes of the pending summary judgment motion, as it is not clear whether Mr. Edmondson made these determinations himself or if he was informed of these determinations that had been made by others.

- In paragraph 35, Edmondson opines that two Deutsch connectors in the control system were improperly crimped and that the results of a pull test "strongly suggest[] that the bucket control solenoids were receiving intermittent and insufficient voltage to operate effectively and consistently."

Case No. 3:20-cv-00231-SLG, *Maritech Marine Services, LLC v. Bay Welding Services, Inc.*
Order re Motion to Strike Declarations of Brian Edmondson and Enrico Ferroni
Page 5 of 11

Case 3:20-cv-00231-SLG   Document 48   Filed 01/14/22   Page 5 of 11

The Court will strike this opinion for purposes of the pending summary judgment motion because it appears to be based on the conclusions of Catalyst and Stillwater, and not based on any evaluation or perception by Mr. Edmondson.

## II. Enrico Ferroni's Declaration

Bay Weld contests the following opinions, which the Court addresses in turn:

- The entirety of paragraph 10 of the Ferroni Declaration is devoted to Ferroni's opinion regarding what would have constituted a "full internal inspection" of the Lightning's jet units.

The Court finds that this opinion is permissible under Rule 701 because Mr. Ferroni's opinion is based on his interpretation of the service manual for the jets and background in the maritime industry.[11]

- In paragraph 15, Ferroni provides his opinion regarding what occurred with the Lightning's control system during the Lightning's allision with a fuel dock in Cordova and opines that this issue caused the allision.

The Court finds the opinion as to the cause of the allision is a permissible lay opinion as it appears that Mr. Ferroni was on the vessel at that time.

- In paragraph 20, Ferroni opines regarding a software analysis performed on the Lightning by John Glendinning and its conclusion.

The Court finds Mr. Ferroni's opinion on the software analysis is permissible under Rule 701 to the extent that he collaborated with Mr. Glendinning on the analysis.

---

[11] *See Gadson*, 763 F.3d at 1208.

Case No. 3:20-cv-00231-SLG, *Maritech Marine Services, LLC v. Bay Welding Services, Inc.*
Order re Motion to Strike Declarations of Brian Edmondson and Enrico Ferroni
Page 6 of 11

Case 3:20-cv-00231-SLG   Document 48   Filed 01/14/22   Page 6 of 11

However, Mr. Ferroni's discussion of the results of the further analysis by Mr. Glendinning's lab is not permissible lay opinion testimony by Mr. Ferroni and will not be considered for purposes of the pending summary judgment motion.

- The entirety of paragraph 22 is devoted to Ferroni's opinion regarding whether Bay Weld "perform[ed] the work as promised" on the Lightning's hydraulic system [for the] steering package.

The Court finds that this opinion is permissible under Rule 701. Mr. Ferroni reviewed the work proposal and closely inspected the vessel. His perception that a specific type of steering package was not installed does not require the degree of specialized knowledge so as to fall outside Rule 701.

- In paragraph 23, Ferroni opines that the results of hydraulic tests he performed on the Lightning indicate the pumps were old, operating below the recommended level of performance, and should have been replaced.

The Court finds that this opinion is permissible under Rule 701. The hydraulic test is based on Mr. Ferroni's perception; and Bay Weld does not make any specific argument that the test monitoring flow meters is scientific, technical, or specialized to the extent that it falls under Rule 702. Further, the opinion that the pumps should be replaced because they were not functioning up to the standards provided by the manufacturer does not fall within Rule 702.

- The entirety of paragraph 24 is devoted to Ferroni's opinion regarding when a "dead zone" in the Glendinning software can occur and whether that issue occurred during the Lightning's allision in Cordova.

Case No. 3:20-cv-00231-SLG, *Maritech Marine Services, LLC v. Bay Welding Services, Inc.*
Order re Motion to Strike Declarations of Brian Edmondson and Enrico Ferroni
Page 7 of 11

Case 3:20-cv-00231-SLG   Document 48   Filed 01/14/22   Page 7 of 11

The Court finds that Mr. Ferroni's opinion regarding dead zones in the software is not permissible under Rule 701 as it appears sufficiently technical and specialized so as to fall instead within Rule 702. However, Mr. Ferroni's opinion concerning the bucket and bucket indicators during the allision is permissible under Rule 701 because it is testimony based on his perception of the incident.

- In paragraph 25, Ferroni opines regarding whether "older" bucket sensors can create a "dead zone" in the Glendinning software and whether a different type of sensor can resolve that issue.

The Court finds that Mr. Ferroni's opinion regarding dead zones in the software is not permissible under Rule 701 for the reasons discussed above.[12] However, the remainder of the paragraph is permissible testimony because it is based on Mr. Ferroni's perception.

- The entirety of paragraph 28 is devoted to Ferroni's opinion that the Deutsch connectors that operated the Lightning's hydraulic solenoid valves, as well as the connectors on the jet units, were improperly crimped and installed by Bay Weld.

The Court finds that this opinion is permissible under Rule 701 because it is based on Mr. Ferroni's inspection of the connectors. However, Mr. Ferroni's statement

---

[12] "These older sensors only have the stroke of the ram for its input to the Glendinning controls, meaning that when the buckets are positioned at their extremes up or down, the control system would lose its knowledge of where that cylinder was at, creating the 'dead zones.'" Docket 17-3 at 10, ¶ 25.

Case No. 3:20-cv-00231-SLG, *Maritech Marine Services, LLC v. Bay Welding Services, Inc.*
Order re Motion to Strike Declarations of Brian Edmondson and Enrico Ferroni
Page 8 of 11

Case 3:20-cv-00231-SLG   Document 48   Filed 01/14/22   Page 8 of 11

regarding Mr. Glendinning's analysis is stricken for purposes of the pending summary judgment motion. [13]

- Paragraphs 29 and 30 are devoted to Ferroni's opinion about what type of crimps should have been used on the Deutsch contacts and whether Bay Weld's crimps were proper.

The Court finds that this opinion is permissible under Rule 701. Mr. Ferroni's assessment of the crimps, in comparison to the product catalogs, is based on his review of those materials. Additionally, his opinion as to the style of crimping is not derived from his own scientific, technical, or otherwise specialized knowledge to the extent that it would fall under Rule 702.

- Paragraph 31 is devoted to Ferroni's opinion regarding the proper crimping tool to use for field crimping Deutsch contacts, the reliabil[i]ty of the 10 pound pull test to determine whether those connections are secure, and that the results of the pull test administered on the Lightning's connections "suggest[] that the bucket control solenoids were receiving intermittent and insufficient voltage/current to operate effectively and consistently."

The Court finds that this opinion is permissible under Rule 701 assuming Mr. Ferroni performed the pull test on the vessel's connections and then compared the test result to the information in the manual. The opinion that an improper crimp suggests intermittent or insufficient voltage can be derived from a process of reasoning in everyday life.

---

[13] "Mr. Glendinning's analysis of the crimping of the Deutsch connectors was that they were not from Glendinning—based on the cable on the packing slip—and that the improper crimping was done during installation." Docket 17-3 at 11, ¶ 28.

Case No. 3:20-cv-00231-SLG, *Maritech Marine Services, LLC v. Bay Welding Services, Inc.*
Order re Motion to Strike Declarations of Brian Edmondson and Enrico Ferroni
Page 9 of 11

Case 3:20-cv-00231-SLG   Document 48   Filed 01/14/22   Page 9 of 11

- Paragraph 32 is devoted to Ferroni's opinion regarding the effect of insufficient or intermittent current to the bucket hydraulic control solenoid and how that can affect the operation of the Lighting's control system.

The Court finds that this opinion is permissible as a lay opinion under Rule 701 because Mr. Ferroni's opinion as to how electrical current affects a solenoid is not scientific, technical, or otherwise specialized to the extent that it would fall under Rule 702.

- Paragraph 33 contains Ferroni's opinions that the Deutsch connector crimps he observed in the Lightning "appear to have been made by Bay Weld" and that another contractor's work on the Lightning did not require "replacement or disconnection of the power connectors to the bucket solenoids or HVC."

The Court finds that Mr. Ferroni's opinion as to the Deutsch connector is permissible under Rule 701 because it is based on his perception. Additionally, Mr. Ferroni's statements as to his own company's work on the vessel is not opinion testimony.

- Paragraph 34 contains the following opinion: "I believe the cause of the June, 26, 2020, allision was the result of an improper crimp in the Deutsch connectors, connecting power to the reverse bucket HVC and the bucket hydraulic valve solenoid."

The Court finds the opinion as to the cause of the allision is a permissible lay opinion as it appears that Mr. Ferroni was on the vessel at that time and it is also based Mr. Ferroni's personal inspection of the vessel.

Case No. 3:20-cv-00231-SLG, *Maritech Marine Services, LLC v. Bay Welding Services, Inc.*
Order re Motion to Strike Declarations of Brian Edmondson and Enrico Ferroni
Page 10 of 11

Case 3:20-cv-00231-SLG   Document 48   Filed 01/14/22   Page 10 of 11

**CONCLUSION**

In light of the foregoing, Bay Welding's *Motion to Strike Declarations of Brian Edmondson and Enrico Ferroni* at Docket 32 is DENIED in part and GRANTED in part for purposes of the pending summary judgment motion.

DATED this 14th day of January, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cv-00231-SLG, *Maritech Marine Services, LLC v. Bay Welding Services, Inc.*
Order re Motion to Strike Declarations of Brian Edmondson and Enrico Ferroni
Page 11 of 11

Case 3:20-cv-00231-SLG   Document 48   Filed 01/14/22   Page 11 of 11