**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| MARITECH MARINE SERVICES, LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>BAY WELDING SERVICES, INC.,<br><br>      Defendant. | Case No. 3:20-cv-00231-SLG |

**ORDER RE MOTION TO STRIKE ERIC ENGEBRETSEN AND MICHAEL STOCKBURGER AS EXPERT WITNESSES**

Before the Court at Docket 35 is Plaintiff Maritech Marine Services, LLC's ("Maritech") *Motion to Strike Eric Engebretsen and Michael Stockburger as Expert Witnesses*. Defendant Bay Welding Services, Inc. ("Bay Weld") responded in opposition at Docket 39, to which Plaintiff replied at Docket 42. Oral argument was not requested and was not necessary to the Court's decision.

**BACKGROUND**

This action stems from the alleged defective repair and modification of a 44-foot aluminum catamaran, the M/V LIGHTNING, owned by Maritech, a vessel chartering company based in Anchorage, Alaska. Maritech alleges that Bay Weld, a custom boat manufacturer based in Homer, Alaska, negligently retrofitted the

vessel with a defective control system, among other issues, which resulted in the vessel's allision with a fuel dock in Cordova, Alaska.[1]

On October 22, 2021, Bay Weld filed two affidavits, one from Eric Engebretsen and one from Michael Stockburger, in support of its opposition to Maritech's September 17, 2021 motion for summary judgment.[2] Mr. Engebretsen is the owner and operator of Bay Weld.[3] Mr. Stockburger was employed by Bay Weld in the fall of 2019 to assist in the renovation of the vessel.[4] Each affiant stated that he was competent to be an expert witness in this case and purported to offer expert opinions.

Maritech now moves to exclude Mr. Engebretsen and Mr. Stockburger as expert witnesses on two separate grounds, which are discussed below.

## DISCUSSION

### I. Mr. Engebretsen's and Mr. Stockburger's Expertise

Maritech asserts that both Mr. Engebretsen and Mr. Stockburger are not qualified to serve as experts under Federal Rule of Evidence 702. In particular, Maritech contends that both individuals qualify themselves as experts based only

---

[1] *See generally* Docket 1 (Compl.).

[2] *See* Docket 29 (Opp'n); Docket 17 (Mot. for Summary Judgment).

[3] Docket 30 at 1, ¶ 1 (Engebretsen Aff.).

[4] Docket 31 at 2, ¶ 2 (Stockburger Aff.).

Case No. 3:20-cv-00231-SLG, *Maritech Marine Services, LLC v. Bay Welding Services, Inc.*
Order re Motion to Strike Eric Engebretsen and Michael Stockburger as Expert Witnesses
Page 2 of 6

Case 3:20-cv-00231-SLG   Document 49   Filed 01/14/22   Page 2 of 6

upon their employment histories, which it maintains is insufficient for purposes of Rule 702.[5]

Bay Weld responds that Rule 702 permits expert qualification based on employment history and that "both Engebretsen and Stockburger have decades of experience in the vessel repair, retrofit, and renovation industry."[6]

Under Rule 702, a witness may be qualified as an expert by "knowledge, skill, experience, training, or education." "[T]he text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience."[7] "In certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony."[8] Rule 702 "contemplates a broad conception of expert qualifications" and is "intended to embrace more than a narrow definition of qualified expert."[9]

Contrary to Maritech's assertions, Rule 702 clearly permits a person to be qualified as an expert on the basis of that person's experience alone. In this

---

[5] Docket 35 at 5–7 (Mot.) ("A person is not qualified to be an expert by mere virtue of their employment history.").

[6] Docket 39 at 3–6 (Opp'n) ("Having overseen and completed Bay Weld's work on the M/V LIGHTNING, they are also uniquely qualified to testify regarding these issues in the instant matter.").

[7] Fed. R. Civ. P. 702 advisory committee's note to 2000 amendment.

[8] *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1015 (9th Cir. 2004) (quoting Fed. R. Civ. P. 702 advisory committee's note to 2000 amendment).

[9] *Thomas v. Newton Int'l Enters.*, 42 F.3d 1266, 1269 (9th Cir. 1994).

Case No. 3:20-cv-00231-SLG, *Maritech Marine Services, LLC v. Bay Welding Services, Inc.*
Order re Motion to Strike Eric Engebretsen and Michael Stockburger as Expert Witnesses
Page 3 of 6

Case 3:20-cv-00231-SLG   Document 49   Filed 01/14/22   Page 3 of 6

regard, Mr. Stockburger has over a decade of experience in "repair[ing], retrofit[ting], and renovat[ing]" maritime vessels;[10] and Mr. Engebretsen has "decades of experience . . . in the vessel manufacturing, repair, and remodeling industry."[11] Maritech does not contest either individual's employment history or experience; and the Court finds it sufficient for purposes of Rule 702.[12] Accordingly, the Court will not exclude Mr. Engebretsen's and Mr. Stockburger's affidavits based on an asserted lack of expertise when considering the summary judgment motion.

## II. Mr. Engebretsen's Financial Conflict of Interest

Maritech also asserts that the Court should exclude Mr. Engebretsen as an expert witness under its inherent powers because of his financial conflict of interest as the owner and operator of Bay Weld. Citing principally to *Perfect 10, Inc. v. Giganews, Inc.*,[13] Maritech asserts that permitting Mr. Engebretsen, "who has a direct financial stake in the outcome of [this] case," to testify as an expert witness

---

[10] Docket 31 at 1, ¶ 1 (Stockburger Aff.).

[11] Docket 30 at 1–2, ¶ 1 (Engebretsen Aff.).

[12] *See, e.g.*, *Oswalt v. Resolute Indus., Inc.*, Case No. C08-1600MJP, 2012 WL 10785726, at *1 (W.D. Wash. Feb. 9, 2012) ("At the very least, Ms. Mazons' background as owner of a marine service company, where she completed repairs of electrical systems and heating systems on pleasure craft, qualifies her by experience . . . .").

[13] Case No. CV 11-07098-AB (SHx), 2014 WL 10894452 (C.D. Cal. Oct. 31, 2014).

Case No. 3:20-cv-00231-SLG, *Maritech Marine Services, LLC v. Bay Welding Services, Inc.*
Order re Motion to Strike Eric Engebretsen and Michael Stockburger as Expert Witnesses
Page 4 of 6

Case 3:20-cv-00231-SLG   Document 49   Filed 01/14/22   Page 4 of 6

would "compromise[] confidence in the legal system and is therefore contrary to public policy."[14]

Bay Weld responds that under Ninth Circuit precedent, Federal Rule of Evidence 702 "establishes that the issue of an expert's alleged bias or financial conflict go to the credibility of the expert's testimony, not to its admissibility."[15] Bay Weld further asserts that *Perfect 10* "is distinguishable for several reasons and its central holding has not been adopted in this circuit."[16]

In *Perfect 10*, the District Court for the Central District of California excluded the testimony of Perfect 10's CEO not under Rule 702, but under its "separate, inherent authority to exclude expert testimony that would be against public policy."[17] In reaching this decision, the court reasoned both that the CEO had "the *only* direct financial stake in the outcome of this litigation" and that he "almost certainly lack[ed] the specialized knowledge to qualify as an expert."[18]

---

[14] Docket 35 at 3–5 (Mot.).

[15] Docket 39 at 6–7 (Opp'n) (citing *United States v. Abonce-Barrera*, 257 F.3d 959, 965 (9th Cir. 2001)).

[16] Docket 39 at 6 (Opp'n).

[17] 2014 WL 10894452, at *5 (distinguishing two other cases because they did not "address[] a district court's separate, inherent authority to exclude expert testimony that would be against public policy").

[18] *Id.* at *5–6.

Case No. 3:20-cv-00231-SLG, *Maritech Marine Services, LLC v. Bay Welding Services, Inc.*
Order re Motion to Strike Eric Engebretsen and Michael Stockburger as Expert Witnesses
Page 5 of 6

Case 3:20-cv-00231-SLG   Document 49   Filed 01/14/22   Page 5 of 6

The Court recognizes that Mr. Engebretsen has a financial interest in the outcome of this litigation. However, *Perfect 10* is distinguishable because Mr. Engebretsen does not "almost certainly" lack the specialized knowledge relevant here, for the reasons discussed above.[19] Further, the integrity of the adversarial process and public confidence in the legal system can be protected by Plaintiff's opportunity to cross examine Mr. Engebretsen about his financial interest, with the ultimate question of credibility to be determined by the trier of fact.[20] Accordingly, the Court declines to exercise its inherent powers to strike Mr. Engebretsen's affidavit and to preclude his testimony as an expert witness at trial at this time because it does not find that excluding Mr. Engebretsen's testimony would advance important public policies regarding the judicial process.

## CONCLUSION

In light of the foregoing, Maritech's *Motion to Strike Eric Engebretsen and Michael Stockburger as Expert Witnesses* at Docket 35 is DENIED WITHOUT PREJUDICE to renew the motion at trial after the voir dire of each witness as to that witness's qualifications.

DATED this 14th day of January, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[19] *See supra* Section I.

[20] *Abonce-Barrera*, 257 F.3d at 965 ("Generally, evidence of bias goes toward the credibility of a witness, not his competency to testify, and credibility is an issue for the jury.").

Case No. 3:20-cv-00231-SLG, *Maritech Marine Services, LLC v. Bay Welding Services, Inc.*
Order re Motion to Strike Eric Engebretsen and Michael Stockburger as Expert Witnesses
Page 6 of 6

Case 3:20-cv-00231-SLG   Document 49   Filed 01/14/22   Page 6 of 6